# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| IN RE AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File No. 2:12-md-02311<br>Hon. Sean F. Cox |
| IN RE ELECTRONIC BRAKING SYSTEMS<br>IN RE HYDRAULIC BRAKING SYSTEMS | Case No. 2:21-cv-11989<br>Case No. 2:21-cv-04403<br>Case No. 2:21-cv-11993<br>Case No. 2:21-cv-04503 |
| THIS DOCUMENT RELATES TO:<br>End-Payor Actions | |

**FINAL JUDGMENT APPROVING SETTLEMENT AGREEMENT BETWEEN END-PAYOR PLAINTIFFS AND THE BOSCH DEFENDANTS AND ENTERING DISMISSAL WITH <u>PREJUDICE AS TO BOSCH</u>**

This matter has come before the Court to determine whether there is any cause why this Court should not approve the settlement between End-Payor Plaintiffs ("Plaintiffs") and Defendants Robert Bosch GmbH and Robert Bosch LLC (together, "Bosch") set forth in the Settlement Agreement ("Agreement"), dated and effective as of September 18, 2020, relating to the above-captioned actions ("Actions"). The Court, after carefully considering all papers filed and proceedings held herein and otherwise being fully informed in the premises, has determined (1) that the settlement should be approved, and (2) that there is no just reason for delay of the entry of this final judgment approving the Agreement ("Judgment"). Accordingly, the Court directs entry of Judgment which shall constitute a final adjudication of these cases on the merits as to the parties to the Agreement. Good cause appearing therefor, it is:

**ORDERED, ADJUDGED AND DECREED THAT**:

1. The definitions of terms set forth in the Agreement are incorporated herein as though fully set forth in this Judgment.

2. Pursuant to Federal Rule of Civil Procedure ("Rule") 23(g), Cotchett, Pitre, & McCarthy LLP, Robins Kaplan LLP, and Susman Godfrey L.L.P., previously appointed by the Court as Interim Co-Lead Class Counsel, are appointed as Counsel for the Settlement Classes. These firms have, and will, fairly and competently represent the interests of the Settlement Classes.

3. The Court has jurisdiction over the subject matter of this litigation, over

the equitable non-monetary relief contained in Paragraph 4 herein, over the Actions, and over the parties to the Agreement, including all members of the Settlement Classes.

    4.    Plaintiffs have filed a complaint in the Actions alleging that Bosch conspired to rig bids, allocate markets and fix prices for Hydraulic Braking Systems and Electronic Braking Systems (together, "Relevant Products"), and Bosch has denied Plaintiffs' allegations and represented they would assert defenses thereto. Bosch has entered into the Agreement to settle the Actions with respect to the Relevant Products, without admitting liability, to avoid further expense, inconvenience, and the distraction of burdensome and protracted litigation, to obtain the releases on behalf of Bosch and Releasees, orders, and judgment contemplated by the Agreement and to put to rest with finality all claims that have been or could have been asserted against Bosch with respect to the Relevant Products. Bosch has agreed for a period of twenty-four (24) months from the date of the Court's final judgment of the Settlement not to engage in conduct that constitutes a *per se* violation of Section 1 of the Sherman Act (whether characterized as price-fixing, market allocation, bid rigging, or otherwise) with respect to the sale of Relevant Products as such terms are defined in the Agreement. Pursuant to the Agreement, Bosch has agreed to provide specified monetary compensation to Plaintiffs (U.S. $2,242,000.00, plus interest thereon pursuant to the terms set forth in the Agreement) and to cooperate with Plaintiffs in connection with the continued prosecution of the

Actions.

5. The Court hereby finally approves and confirms the settlement set forth in the Agreement and finds that said settlement is, in all respects, fair, reasonable, and adequate to the Settlement Classes pursuant to Rule 23.

6. The Court hereby dismisses on the merits and with prejudice the individual and class claims asserted against Bosch, with Plaintiffs and Bosch to bear their own costs and attorneys' fees except as provided herein.

7. All persons and entities who are Releasors are hereby barred and enjoined from commencing, prosecuting, or continuing, either directly or indirectly, in an individual or representative or derivative capacity, against the Releasees, in this or any other jurisdiction, any and all claims, causes of action or lawsuits, which they had, have, or in the future may have, arising out of or related to any of the Released Claims as defined in the Agreement.

8. The Releasees are hereby and forever released and discharged with respect to any and all claims or causes of action which the Releasors had, have, or in the future may have, arising out of or related to any of the Released Claims as defined in the Agreement.

9. Neither the Agreement, nor any act performed or document executed pursuant to the Agreement, may be deemed or used as an admission of wrongdoing in any civil, criminal, administrative, or other proceeding in any jurisdiction.

10. The notice given to the Settlement Classes of the settlement set forth in

the Agreement and the other matters set forth herein was the best notice practicable under the circumstances, including individual notice to all members of the Settlement Classes who could be identified through reasonable efforts. Said notice provided due and adequate notice of the proceedings and of the matters set forth therein, including the proposed settlement set forth in the Agreement, to all persons entitled to such notice, and said notice fully satisfied the requirements of Rules 23(c)(2) and 23(e) and the requirements of due process.

11. Without affecting the finality of this Judgment in any way, the Court hereby retains exclusive jurisdiction over: (a) the enforcement of this Judgment; (b) the enforcement of the Agreement; (c) any application for distribution of funds, attorneys' fees or reimbursement of costs and expenses made by Plaintiffs' Counsel; (d) any application for incentive awards for the Plaintiffs; and (e) the distribution of the settlement proceeds to members of the Settlement Classes.

12. No person or entity has requested exclusion from the Settlement.

13. In the event that the settlement does not become effective in accordance with the terms of the Agreement, then this Judgment shall be rendered null and void and shall be vacated, and, in such event, all orders entered and releases delivered in connection herewith shall be null and void and the parties shall be returned to their respective positions ex ante.

14. The Escrow Account, into which Bosch has deposited assets with a total value of US $2,242,000.00 as the Settlement Amount (as defined in Paragraphs 15

and 26 of the Agreement), plus accrued interest thereon and net of any expenses incurred as contemplated in Paragraph 27 of the Agreement, is approved as a Qualified Settlement Fund pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder.

15. The Court finds, pursuant to Rule 54(a) and (b) that this Judgment should be entered and further finds that there is no just reason for delay in the entry of this Judgment, as a final judgment, as to the parties to the Agreement.

16. The Court's certification of the Settlement Classes as provided herein is without prejudice to, or waiver of, the rights of any Defendant, including Bosch, to contest certification of any other class proposed in the MDL Litigation. The Court's findings in this Judgment shall have no effect on the Court's ruling on any motion to certify any class in the MDL Litigation. No party may cite or refer to the Court's approval of the Settlement Classes as persuasive or binding authority with respect to any motion to certify any class.

17. Accordingly, the Court hereby determines that there is no just reason for delay and hereby directs entry of this Judgment as a final judgment pursuant to Rule 54(b) and directs the Clerk to enter Judgment forthwith.

Dated: February 6, 2023                 s/Sean F. Cox
                                        Sean F. Cox
                                        U. S. District Judge